UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH PAUL GUARNERI,


                                        Plaintiff,

                                                            DECISION AND ORDER

                                                            05-CV-6483L


                        v.

CALVIN E. WEST,
Superintendent Elmira Correctional Facility,
et al.,



                                        Defendants.
_____


        Plaintiff, Joseph Paul Guarneri, appearing *pro se*, commenced this action under 42 U.S.C.

§ 1983.  Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services ("DOCS"), alleges that his constitutional rights have been violated in a number of respects

by defendants, all of whom were at all relevant times officials or employees of DOCS or of the State

of New York.

        Plaintiff amended his complaint as of right on November 17, 2005.  Dkt. #4.  Defendants

have moved to dismiss certain claims asserted by plaintiff in the amended complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

_____

        [1]All further references to the "complaint" are to the amended complaint.

**DISCUSSION**

**I. Motions to Dismiss Under Rule 12(b)(6):  General Principles**

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts in the complaint are presumed to be true, and all reasonable inferences are drawn in the plaintiff's favor.  *See E.E.O.C. v. Staten Island Savings Bank*, 207 F.3d 144, 148 (2$^d$ Cir. 2000).  A complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 171 (2$^d$ Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because plaintiff appears *pro se*, the complaint must be liberally construed in his favor, and held to "less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2$^d$ Cir. 1993).  The Court interprets complaints submitted by *pro se* plaintiffs to raise the strongest arguments that they suggest.  *Burgin v. GMC*, No. 04-CV-503S, 2006 WL 469355 at *3 (W.D.N.Y. Feb. 24, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The rules concerning liberal construction of *pro se* complaints have their limits, however.  In order to survive a motion to dismiss for failure to state a claim, the complaint "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."  *Holland v. Goord*, No. 05-CV-6295, 2006 WL 1983382 at *2 (W.D.N.Y. July 12, 2006) (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2$^d$ Cir. 1987)).  *See also Bell Atlantic Corp.*

*v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal quotes and citations omitted).

## II. Claims Against Defendants Spitzer, McLaughlin, West and Conway

Defendants move to dismiss the claims against defendants Eliot Spitzer, Kenneth McLaughlin, Calvin West and James Conway, on the ground that plaintiff has failed to allege their personal involvement in the alleged constitutional violations. At the time of the events giving rise to this lawsuit, these defendants were, respectively, the New York State Attorney General, Director of Operations of the DOCS Inspector General's Office, Superintendent of Elmira and Superintendent of Attica.

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2$^d$ Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2$^d$ Cir. 2001). That requirement may be satisfied by alleging facts showing that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising

subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2$^d$ Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2$^d$ Cir. 1986).

"[M]ere 'linkage in the prison chain of command' is insufficient to implicate a [supervisory official] in a § 1983 claim."  *Richardson v. Goord*, 347 F.3d 431, 435 (2$^d$ Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2$^d$ Cir. 1985)); *see also Colon*, 58 F.3d at 874 ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim").  It is well established that "[t]here is no *respondeat superior* liability in § 1983 cases."  *Green v. Bauvi*, 46 F.3d 189, 194 (2$^d$ Cir. 1995).

Applying these principles here, it is clear that the claims against Spitzer and McLaughlin must be dismissed.  Virtually nothing is mentioned about them in the complaint, and it is plain that Guarneri's claims against them are premised solely on their supervisory positions.  As stated, that is not enough.

As to supervisors West and Conway, the complaint alleges that they created or maintained policies that allowed the alleged constitutional violations to occur, and that they were notified through letters from plaintiff of the violations but failed to remedy them.  *See*, *e.g.*, Dkt. #4 at 16 ¶9, 18 ¶16; Dkt. #42-2 at 3 ¶13-A, 13 ¶30-A.

Bearing in mind that this is a motion to dismiss under Rule 12(b)(6), and not a motion for summary judgment under Rule 56, I will deny West's and Conway's motion insofar as it seeks

dismissal of plaintiff's claims against them in their personal capacities.  As this Court has recently

stated in a similar case:

> Although the allegations concerning Conway [and West] may fairly be characterized as thin,
> I am not prepared to rule as a matter of law that under no set of facts consistent with the
> allegations of the complaint could plaintiff establish [their] personal involvement in the
> alleged constitutional deprivations.  ... As stated, personal involvement can be established
> upon a showing that a supervisory official became aware of a violation and failed to remedy
> it.  While it may be doubtful whether plaintiff can establish such involvement by Conway
> [and West], the court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal
> feasibility of the complaint, not to assay the weight of the evidence which might be offered
> in support thereof.  Under that standard, I find that plaintiff's complaint sets forth sufficient
> allegations to state a cognizable claim against Conway [and West] in [their] individual
> capacit[ies]. Conway [and West] may at some point be able to establish [their] entitlement
> to summary judgment, but for now at least plaintiff's claim against [them] may proceed.

*Saxon v. Attica Medical Dep't*, 468 F.Supp.2d 480, 483 (W.D.N.Y. 2007) (citations omitted).  *See*

*also James v. Aidala*, 389 F.Supp.2d 451, 453 (W.D.N.Y. 2005) ("Although I have grave doubts that

plaintiff ultimately will prevail on his claims against [DOCS Supervisor] Goord, I find that his

allegations are sufficient to withstand a motion to dismiss").  If plaintiff is unable to substantiate his

allegations of personal involvement by means of admissible evidence, West and Conway may at

some point be entitled to summary judgment, but at this stage I will allow plaintiff's claims against

them to proceed.


## III. Claims Against Defendants in their Official Capacities

To the extent that plaintiff's claims are asserted against defendants in their official capacities,

the claims are barred by the Eleventh Amendment and must be dismissed.  The Eleventh

Amendment bars lawsuits by citizens against a state unless the state has waived its sovereign

immunity.  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).  "Although a case may arise

under the Constitution and laws of the United States, the judicial power does not extend to it if the suit is sought to be prosecuted against a State, without her consent, by one of her own citizens." *Id.* at 68.  Similarly, the Second Circuit has noted that "the Eleventh Amendment has been interpreted to render states absolutely immune from suit in federal court unless they have consented to be sued in that forum or unless Congress has overridden that immunity by statute." *National Foods, Inc. v. Rubin*, 936 F.2d 656, 658-59 (2ᵈ Cir. 1991).  This immunity extends to state agencies, state branches of government, and other arms of the state unless the state has consented to suit or Congress has properly overridden the state's immunity.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

As a state agency, DOCS enjoys Eleventh Amendment immunity from suit in federal court. *Delgado v. New York City Dep't of Corr.*, No. 90Civ.0663(VLB) *320 1992 U.S. Dist. LEXIS 13989, at * 4 (S.D.N.Y. Mar. 30, 1992).  In addition, claims against state officials in their official capacities are considered to be claims against the state, and therefore, "[t]he Eleventh Amendment bars recovery against an employee who is sued in his official capacity." *Farid v. Smith*, 850 F.2d 917, 921 (2ᵈ Cir. 1988).  Plaintiff's claims defendants in their official capacities are therefore barred by the Eleventh Amendment and must be dismissed.


**IV. Conspiracy Claim**

Plaintiff has also alleged that several of the defendants conspired to violate his constitutional rights, in violation of 42 U.S.C. §§ 1983 and 1985.  This claim must be dismissed.

A civil rights conspiracy claim has four elements: (1) a conspiracy (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen. *See United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983); *Iqbal v. Hasty*, 490 F.3d 143, 176 (2$^d$ Cir. 2007). "In addition, the conspiracy [under § 1985] must be motivated by some class-based animus." *Iqbal*, 490 F.3d at 176 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Plaintiff's conspiracy allegations fail to meet this standard. Plaintiff has only alleged "in generic and conclusory terms" that defendants conspired to deprive him of his constitutional rights. *Hawkins v. County of Oneida*, 497 F.Supp.2d 362, 379 (N.D.N.Y. 2007). That is not sufficient to make out a § 1985 claim. *See Walker v. Jastremski*, 430 F.3d 560, 564 n. 5 (2$^d$ Cir. 2005) ("conclusory or general allegations are insufficient" to state a claim for conspiracy to violate the plaintiff's civil rights), *cert. denied*, 547 U.S. 1101 (2006); *Maier v. Phillips*, 205 F.3d 1323 (2$^d$ Cir. 2000) (complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss).

**V. Claims Based on Future Events**

Defendants also note that the amended complaint alleges that the dates of the incidents giving rise to plaintiff's claims extend up to "plaintiff's conditional release date of April 24, 2006," even

though the complaint was signed on November 11, 2005.  Dkt. #4 at 27 ¶27.[2]  Defendants move to dismiss all such claims based on future events.

      To the extent that plaintiff's claims are based upon events that have not yet occurred, they are not ripe, and, absent proof that those events have in fact occurred, they are dismissed.  *See Brennan v. Nassau County*, 352 F.3d 60, 65 n. 9 (2[d] Cir. 2003) (suit suffers from lack of ripeness if "the circumstances have not yet developed to the point where the court can be assured that a live controversy exists"); *see also United States v. Broadcast Music, Inc.*, 275 F.3d 168, 178 (2[d] Cir. 2001) ("The ripeness doctrine cautions courts against adjudicating contingent future events that may not occur as anticipated, or indeed may not occur at all") (citation omitted).  If there is proof that such events have occurred since the filing of the amended complaint, however, they may be relevant to damages, or fodder for a supplemental complaint.  *See American Motorists Ins. Co. v. United Furnace Co., Inc.*, 876 F.2d 293, 302 n. 4 (2[d] Cir. 1989) ("it is irrelevant whether the case was ripe for review when the complaint was filed.  Intervening events relevant to the ripeness inquiry should be considered and may be determinative").  Defendants' motion to dismiss those claims is therefore denied, although to the extent that the proof fails to support such claims, plaintiff may not seek or recover damages on such claims.

---

[2]DOCS's internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was released from custody on June 7, 2007.

**CONCLUSION**


Defendants' motions to dismiss (Dkt. ##9, 11, 15) are granted in part and denied in part.

Plaintiff's claims against defendants Spitzer and McLaughlin are dismissed.   Plaintiff's claims

against all defendants in their official capacities are dismissed.  Plaintiff's conspiracy claims under

42 U.S.C. §§ 1983 and 1985 are dismissed.  In all other respects, defendants' motions are denied.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
        October 23, 2007.